# United States District Court

Eastern District of California

**FILED**

JUL 3 0 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _C. ESTEVES_
DEPUTY CLERK

UNITED STATES OF AMERICA
V.
Aaron CLARK
and
Diana ORANTES

## CRIMINAL COMPLAINT

CASE NUMBER: 1:08 MJ 0 0 1 6 7 DLB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between the dates of on or about March 29, 2008 through July 29, 2008, in the County of Tulare, State and Eastern District of California, the defendants did,

Knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including the computer, the producing of such visual depictions involving the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct

Knowingly distribute/receive via Interstate or foreign commerce, material involving the sexual exploitation of children;

in violation of Title 18, United States Code, Sections 2252(a)(4) and 2252(a)(2). I further state that I am a Special Agent with the U.S Department of Homeland Security-ICE, and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT OF SENIOR SPECIAL AGENT MIKE PRADO

X Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
**Senior Special Agent Mike Prado**
U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence

| July 30, 2008 | at | Fresno, California |
|---|---|---|
| *(Date)* | | *(City and State)* |

OLIVER W. WANGER
U.S. DISTRICT JUDGE

Name & Title of Judicial Officer

_____
Signature of Judicial Officer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

County of Tulare                          Re: In Support of
                                          Criminal Complaint


                                          **Aaron CLARK**
                                  854 West Grand Avenue #10
                                  Porterville, California 93257

                                                and

                                          **Diana ORANTES**
                                  854 West Grand Avenue #10
                                  Porterville, California 93257


## AFFIDAVIT

I, Mike Prado, being duly sworn, hereby depose and state as follows:

1. I am a Senior Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), presently assigned to the Office of the Resident Agent in Charge, Fresno, California (RAC/Fresno). I have been employed as an ICE Special Agent for over six years. As part of my daily duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation, and as part of my duties have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I am a graduate of the Federal Law Enforcement Training

1

Center's Criminal Investigator Training Program and the United States Customs Service Basic Enforcement School, where I received extensive training in the investigation of child pornography. As part of my duties as an ICE Special Agent I have also been detailed to the ICE Cyber Crimes Center (C3) in Fairfax, Virginia to instruct other agents in the interview and interrogation of child sexual predators. In March 2005 and July 2006 I attended advanced training courses related to the investigation of child pornography, conducted by the United States Department of Justice at the National Advocacy Center in Columbia, South Carolina. In September 2005 I attended advanced training related to the investigation of online child sexual exploitation at the ICE Cyber Crimes Center in Fairfax, Virginia. In December 2005 I attended training at the National Center for Missing & Exploited Children related to the investigation of Internet child pornography. In May 2006, I was awarded a national award by the United States Attorney General and the National Center for Missing & Exploited Children for investigations I have conducted related to child pornography. During the course of my duties I have been the investigating officer and Affiant of approximately seventy applications for Criminal Complaint relating to numerous federal child pornography investigations. I am a magna cum laude graduate from Sonoma State University with a Bachelor's Degree in History. Prior to becoming an ICE Special Agent, I was employed as a Supervising Investigator with the Tulare County (California) District Attorney's Office.

    2.    This affidavit is made in support of a criminal complaint for Aaron CLARK and Diana ORNESTAS, both of Porterville, California for violating the following federal statutes:

a. 18 U.S.C. § 2252(a)(2), which makes it a crime for any person to distribute material involving the sexual exploitation of children, and

b. 18 U.S.C. § 2252(a)(4), which makes it a crime for any person to knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including computer, the producing of such visual depictions involving the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.

3. The information contained in this affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

4. ICE/Fresno is currently conducting a child pornography distribution investigation of subjects Aaron CLARK and Diana ORNESTAS of Porterville, California. The investigation was initiated based on a joint ICE and Fresno County Internet Crimes Against Children (ICAC) Task Force proactive effort to identify, locate and apprehend individuals utilizing peer to peer file sharing technology to obtain, and make available for distribution, images of child pornography.

5. Pursuant to this investigation, a federal search warrant was issued for a residence, located at 854 West Grand Avenue, Apartment 10, Porterville, California. The search warrant (08-SW-00150) was obtained on July 28, 2008, and signed by the Honorable Dennis L. Beck, United States Magistrate Judge for the Eastern District of California. The search warrant was executed by ICE, with assistance from detectives from the Fresno ICAC, Tulare County Sexual Assault Felony Enforcement (SAFE)

Team and Porterville Police Department. The search warrant was executed at the aforementioned address in Porterville, CA on the afternoon of July 29, 2008.

6. Upon arriving at the location entry was made into the residence and contact was made with subject Aaron CLARK. Also located within the residence was Diana ORANTES, who identified herself as CLARK'S live-in girlfriend. Pursuant to this investigation, both subjects were sequestered from one another in separate rooms and separately interviewed by your Affiant. Your Affiant began by interviewing CLARK, who was told he was not under arrest but was nevertheless advised of his rights, per Miranda, by your Affiant. Upon being advised of his Miranda rights, CLARK waived them both verbally and in writing in the presence of your Affiant and ICE Special Agent Craig Finley, who was present for the duration of your Affiant's interview with CLARK. CLARK informed your Affiant that he has resided at the residence for approximately eight months and that for the past few months ORANTES, with whom he has been in a relationship with for approximately one year, has resided with him.

7. During questioning CLARK informed your Affiant that located in the residence was a custom built computer with a Clearwire Internet connection that is in his sister's name, but for which he pays the bill. CLARK stated that the account was in his sister's name because he could not initially get an account in his own name due to a lack of credit history. CLARK stated that in addition to the computer tower there was a loose hard drive in a separate room that he previously utilized to access the Internet.

8. CLARK initially denied utilizing the Internet to obtain images of child pornography and stated that he only viewed adult pornography, often of a sado-masochistic nature. CLARK also

4

initially feigned ignorance when questioned about Peer to Peer file-sharing programs and his use of them to obtain child pornography. Upon further questioning CLARK admitted that he has previously viewed, and proactively obtained images of child pornography, primarily via the Peer to Peer file-sharing program Limewire. CLARK explained that he has utilized search terms, "painful fuck," "rape," "pedo," "hussyfan," and "pthc," to obtain movie files containing child pornography. During questioning CLARK stated that he was aware that "pedo" was an abbreviation of the term pedophile, and further stated that based on his experience, each of the aforementioned search terms ultimately enabled him to obtain and view images of child pornography via Limewire. CLARK stated that to the best of his recollection the last time he searched for and viewed child pornography was a "couple of weeks ago," while accessing Limewire. CLARK stated that his Limewire account is set to a default setting so that when he downloads a movie from the program it is placed into a "saved file" within Limewire and located on his computer hard drive. CLARK stated that presently located in his saved folder were approximately three to four child pornography movie files that he has previously viewed and made a conscious decision to maintain on his hard drive. CLARK stated that the videos depicted female children as young as three or four years of age being sexually abused by adult males.

9. CLARK initially stated that he viewed child pornography out of "curiosity," but subsequently stated that he has been viewing child pornography on a regular basis for approximately five years. CLARK stated that his "curiosity" eventually devolved into what he described is now a "perversion" that he possesses. CLARK stated that he views child pornography every couple of weeks. CLARK then admitted that he occasionally

5

masturbates to the images, including movie files of children as young as three years of age being sexually abused by adult males.  CLARK stated it was not necessarily the age of the children in the videos that he found arousing, but rather, he informed your Affiant that he finds the "degradation" of the children sexually arousing.  CLARK explained that he is sexually aroused by sado-masochistic sex acts such as bondage, rape and other acts of sexual violence, and that the sexual abuse of children is an extension of the sexual violence he finds arousing.  CLARK stated that when he views images of child pornography he "objectifies" the children in the videos because he is aware that they are real children and in order to become sexually aroused by their abuse and degradation he looks at them as objects rather than children.  CLARK further admitted that he is aware that possessing child pornography is illegal.

    10.  During the interview CLARK stated that located next to his computer was an external hard drive with additional saved images of child pornography on it.  CLARK stated that he keeps the child pornography in a folder titled "Special," and that within the folder are subfolders titled, "rape," "bestiality," and "loli."  CLARK stated that located within the "loli" subfolder, which he explained is an abbreviation for "Lolita," were approximately 20 to 26 videos of child pornography.  CLARK stated that the videos consisted primarily of female children ranging in age from three years of age to twelve years of age being sexually abused.  CLARK informed your Affiant that he has a sexual interest in girls that age and has previously masturbated to images of their sexual abuse/"degradation."  CLARK informed your Affiant that he transferred the child pornography movie files to his external hard drive and obtained the external hard drive around the time his girlfriend, Diana

ORANTES, moved in. When questioned about whether or not ORANTES was aware that he viewed and masturbated to child pornography CLARK grew evasive and stated that he did not want to incriminate her and preferred to only discuss his own actions.

    11. Your Affiant then contacted Diana ORANTES in a separate room and, in the presence of Fresno County Sheriff's Detective Julie Williams, advised ORANTES of her rights, per Miranda. Your Affiant informed ORANTES that she was not under arrest but that I would like to ask questions pursuant to an ongoing investigation. ORANTES verbally waived her Miranda rights and agreed to provide a statement. During the interview ORANTES informed your Affiant that she was aware that located on CLARK'S external hard drive and computer hard drive were movie files containing child pornography. ORANTES independently stated that the external hard drive contained a folder titled "Special," with a subfolder titled "loli," that contained child pornography movie files. ORANTES then informed your Affiant and Detective Williams that she and CLARK have, on multiple occasions, previously viewed the movie files together while they themselves engaged in sexual activity. ORANTES specified that while CLARK viewed the images she has performed oral sex on him and stated that on at least one occasion CLARK performed oral sex on her while she viewed the child pornography movie files. ORANTES specified that the movie files included graphic depictions of the sexual abuse of female children as young as three or four years of age. ORANTES initially informed your Affiant that she primarily viewed the images because CLARK wanted her to and he seemed to be sexually aroused by viewing them with her. ORANTES initially denied having a sexual interest in such material and informed your Affiant and Detective Williams that she herself was sexually abused as a

7

child.  ORANTES, who admitted she was aware of CLARK'S child pornography collection prior to moving in with him, initially stated that she would occasionally delete some of his child pornography videos without his knowledge.  Upon further questioning ORANTES admitted to being occasionally aroused by watching the videos and in a written statement stated she had "mixed" feelings about viewing them.  ORANTES subsequently elaborated about her "mixed" feelings and admitted to your Affiant and Detective Williams that she has watched the videos by herself and has herself proactively searched for and obtained images of child pornography from both Web sites and via a Peer to Peer file sharing program.  ORANTES stated that she has entered the search term of "loli," which she was aware is a term associated with child pornography.  In her written statement ORANTES further admitted that both she and CLARK downloaded and viewed "child porn."  Toward the conclusion of the interview ORANTES elaborated on her and CLARK'S sexual activity as it relates to their joint viewing of child pornography.  ORANTES stated that she and CLARK often "role play" during and after viewing child pornography by pretending that she is a five years old child and CLARK is an adult male sexually molesting her. ORANTES then stated that while engaging in sexual activity and intercourse she and CLARK have previously discussed aloud their desire to engage in sexual activity with a real female child, approximately five years of age.  ORANTES stated that she and CLARK merely fantasized about engaging in such activity and she stated that she never would actually do so.  ORANTES, who engaged in this activity with CLARK on repeated occasions, informed your Affiant and Detective Williams that she never considered notifying law enforcement of the images on the

computer or external hard drive and gave no indication that she was forced to engage in any of the aforementioned activity.

    12.   Your Affiant then resumed the interview with CLARK, whom I confronted with ORANTES' statement. CLARK then admitted that both he and ORANTES viewed the child pornography together while engaging in sexual activity and intercourse. CLARK further stated that they view the material together every three to four weeks and that they both were sexually aroused by such material. CLARK stated that they regularly "role play" with each other both during and after viewing child pornography. CLARK initially stated that ORANTES likes to pretend she is a nine or twelve year old girl and he pretends to be her abductor who is sexually abusing her. CLARK then stated that they also role play that she is a child as young as five years of age as well. CLARK stated that their role playing includes acts of simulated forcible rape of a child. CLARK further stated that he is aware that ORANTES herself has previously downloaded child pornography on her own, further stating that he did not want to get her into trouble.

    13.   Near the conclusion of the interview CLARK provided a written statement as well, in which he admitted his sexual arousal related to child pornography and his interest in the "degradation" of the children in the images. It should be noted that throughout the interview both ORANTES and CLARK each denied ever acting out on their sexual fantasies with a real child, though each admitted knowing that the children in the videos were actual victims of sexual abuse.

    14.   During the search no evidence was located that indicated either subject has direct access to children. CLARK is presently enlisted in the Army National Guard and is scheduled to be deployed in October 2008 to Kosovo and ORANTES,

is employed part-time at the department store Mervyn's in Porterville.

15.  During the interview, ICE agents and Fresno ICAC, SAFE Team and Porterville Police detectives conducted a search of the residence at 854 West Grand Avenue #10, Porterville, CA, resulting in the seizure of numerous items of potential evidentiary value, including a custom built computer tower, loose hard drive and the aforementioned external hard drive. During an onsite preliminary computer forensic examination of the aforementioned items by Fresno County Sheriff's Detective Kevin Wiens, a member of the Fresno ICAC and a trained computer forensic examiner, numerous child pornography movie files were located.  According to Detective Wiens, during the preliminary examination, at least eight saved child pornography movie files were located on the hard drives in the possession of CLARK and ORANTES.  According to Detective Wiens, the child pornography movie files located thus far included graphic depictions of prepubescent children that appear to be younger than five years of age in appearance being sexually assaulted by adult males. The acts of sexual violence included vaginal penetration of these children.  Detective Wiens informed your Affiant that at least some of the videos have been previously seen by him in unrelated child pornography investigations that we have jointly conducted and that they appear to have originated from the Internet.  According to Detective Wiens, evidence of the utilization of the Internet Peer to Peer file sharing program Limewire was located during his preliminary examination.  Based on Detective Wiens' findings thus far, it is apparent that subjects CLARK and ORANTES were in possession of child pornography, as defined by 18 USC 2256, which was obtained via the Internet.  The aforementioned items were subsequently seized

and transported to the ICE/Fresno Office of Investigations in Fresno, CA. In furtherance of this investigation these items will be subjected to an intensive computer forensic examination as authorized by the aforementioned search warrant previously obtained by your Affiant. This examination will be conducted by a law enforcement officer trained in the forensic examination of computers and the recovery of evidence from them.

16. Based on your Affiant's training and investigative experience, it is evident that violations of Title 18 USC 2252 (a)(4) and 2252(a)(2), Possession and Receipt/Distribution of Child Pornography, has occurred. It is known, based on the statements of CLARK and ORANTES and computer forensic evidence located by Detective Wiens, the images were obtained via the Internet, primarily from the peer to peer file sharing program Limewire.

17. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein.

Wherefore, based upon the above facts and information, I submit there is probable cause to believe that defendants, Aaron CLARK and Diana ORANTES, have violated 18 U.S.C. Section 2252(a)(4), which makes it a crime for any person to knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including computer, the producing of such visual depictions involving the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct and 18 USC Section 2252(a)(2), which makes it a crime for any person to receive or distribute

material involving the sexual exploitation of children.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Mike Prado, Senior Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me, and subscribed in my presence,
This 30th day of July 2008

_____
United States District Court Judge

12